UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>$129,380.00 IN U.S. CURRENCY.<br><br>    Defendant. | NO. CV 16-9397-PSG (GJSx)<br><br>[PROPOSED] CONSENT JUDGMENT OF FORFEITURE |

    Plaintiff and Claimant Rayshawn Darnell Reed ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant currency was seized from Claimant, and he asserts an interest in the defendant currency and has filed a claim and answer to the complaint. No other claims or answers were filed, and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimant has filed a claim and answer to contest the forfeiture of the defendant currency. No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant currency. Any potential claimants to the defendant currency other than Claimant are deemed to have admitted the allegations of the complaint with respect to the defendant currency.

2. The following defendant currency shall be returned to Claimant as follows:

    a. $64,690.00, without interest.

The United States shall return the above-listed currency in Paragraph 2 not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimant provides to the government the bank routing and personal identifiers needed to effect a wire transfer of any returned funds, whichever is later. If the United States elects to make the payment by check, the check will be payable to "Gurovich, Berk & Associates, Attorney Client Trust Account," and mailed to Rayshawn Darnell Reed, in care of his attorney, Elon Berk, Esq. at Gurovich, Berk & and Associates APC, 15250 Ventura Blvd.,

Suite 1220, Sherman Oaks, CA 91403. If the United States elects to make the payment by wire transfer, the funds will be wire transferred to "Gurovich, Berk & Associates Attorney Client Trust Account."

3. The following currency shall be forfeited to the United States, and no other right, title or interest shall exist therein. The Government shall dispose of the following according to law:

    a. $64,690.00.

4. Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Drug Enforcement Administration, as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant currency and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Claimant has waived any rights he may have to seek remission or mitigation of the forfeiture.

5. The court finds that there was reasonable cause for the seizure of the defendant currency and the institution of this action as to the defendant currency. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant currency.

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant currency.

DATED: 02/09, 2018

_____
PHILIP S. GUTIERREZ
THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Prepared by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section